NO. 07-07-0459-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 20, 2008

______________________________


DARRION L. SHEPPARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415,250; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ABATEMENT AND REMAND
          Following a plea of not guilty, Appellant, Darrion L. Sheppard, was convicted by a
jury of possession of cocaine with intent to deliver, enhanced. Punishment was assessed
at eighty years confinement. Appellant timely filed a notice of appeal challenging his
conviction. The clerk’s record filed on February 19, 2008, contains the Trial Court’s
Certification of Defendant’s Right to Appeal. The form, however, is not signed by Appellant
as required by Rule 25.2(d) of the Texas Rules of Appellate Procedure.



          Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to secure a Certification of Defendant’s Right of Appeal in compliance with Rule 25.2(d). 
Once properly executed, the certification shall be included in a supplemental clerk’s record
and filed with this Court on or before March 21, 2008.
          It is so ordered.
                                                                           Per Curiam
Do not publish.



did not preserve error. We need not
rule on that matter to properly decide this case and, therefore, elect to issue no opinion on
that question. However, we will assume, arguendo, that the issue was preserved.

 Even with that assumption, the evidence was still properly considered because of
the discovery of the outstanding warrant for the arrest of Andrick Adams, the name and
identification provided by appellant to the police. As this court has previously noted, the
discovery of an outstanding warrant during an illegal detention of an individual breaks the
connection between the discovered evidence and any taint associated with the initial
detention. Fletcher v. State, 90 S.W.3d 419, 420 (Tex.App.-Amarillo 2002, no pet.). The
subsequently discovered probable cause evidenced by the valid arrest warrant
demonstrated that the evidence discovered during the search incident to the arrest was not
discovered through exploitation of the initial illegal detention. Id. Here the appellant's initial
detention may have been improper, however, appellant furnished identification that
identified him as Andrick Adams, who happened to have an outstanding warrant from the
Department of Public Safety. It was the search incident to this arrest that lead to the
discovery of the contraband. Thus, the trial court's decision to admit the evidence was
proper and, therefore, could not have been an abuse of discretion. Davis, 61 S.W.3d at
96-97. Therefore, appellant's contention is overruled.

Conclusion


 Having overruled appellant's sole issue, the judgment of the trial court is affirmed.


 

 Mackey K. Hancock

 Justice




Do not publish.